# Supreme Court of Florida

---

No. SC2024-0032

---

**IN RE: AMENDMENTS TO RULES REGULATING THE FLORIDA BAR – CHAPTER 4.**

August 29, 2024

PER CURIAM.

The Florida Bar has filed a petition proposing amendments to the following portions of Chapter 4 of the Rules Regulating The Florida Bar (rules): Preamble: A Lawyer's Responsibilities; rule 4-1.1 (Competence); rule 4-1.3 (Diligence); rule 4-1.6 (Confidentiality of Information); rule 4-5.1 (Responsibilities of Partners, Managers, and Supervisory Lawyers); rule 4-5.3 (Responsibilities Regarding Nonlawyer Assistants); rule 4-7.13 (Deceptive and Inherently Misleading Advertisements); rule 4-7.15 (Unduly Manipulative or Intrusive Advertisements); and rule 4-8.6 (Authorized Business Entities).[1] The Florida Bar's Board of Governors approved the

---

[1] We have jurisdiction. *See* art. V, § 15, Fla. Const.; *see also* R. Regulating Fla. Bar 1-12.1.

proposed amendments, and the Bar published the proposed amendments for comment in *The Florida Bar News*. No comments were received.

Having considered the Bar's petition, we adopt the amendments to the Rules Regulating The Florida Bar proposed by the Bar, except for its proposal to delete references to "zeal" and "zealous" in the Preamble to Chapter 4 and in the comment to rule 4-1.3. We also decline to adopt the proposed amendments to rule 4-8.6 to require individuals who are subject to an emergency suspension or indefinite suspension over 91 days to sever employment with or financial interests in authorized business entities.

As to the amendments proposed to the Preamble and rule 4-1.3, the Bar proposes deleting the terms because "the contemporary, plain language use of and reference to zeal are often associated with negative extremist behavior and character," and because the terms have been used by lawyers to justify unprofessional conduct. But the public meaning of the terms has changed little since we first adopted the Preamble and rule 4-1.3, and we have made it abundantly clear that zealous advocacy on

- 2 -

behalf of a client is not an excuse for any type of misconduct under the rules. *See, e.g., Fla. Bar v. Schwartz*, 382 So. 3d 600, 611 (Fla. 2024) (stating that "the requirement of providing zealous representation is not a sword to wield as an excuse to otherwise engage in misconduct"); *Fla. Bar v. Norkin*, 132 So. 3d 77, 90 (Fla. 2013) ("Effective and zealous representation does not require antagonistic or acrimonious behavior." (quoting the Guidelines for Professional Conduct)).

As to the amendments proposed to rule 4-8.6(e), the Bar proposes requiring an individual subject to an emergency or other indefinite suspension lasting 91 days or longer to sever employment with and financial interests in an authorized business entity. The rule currently applies to individuals with suspensions lasting 91 days or longer who have been found guilty of committing misconduct and are suspended as part of the discipline for those findings. With emergency or indefinite suspensions, there is no such finding of guilt and the suspension is not related to a finding of guilt. Individuals suspended under these provisions may not yet have had the opportunity to defend themselves against pending

discipline allegations.  Because of this distinction, we decline to adopt the Bar's proposed amendments to rule 4-8.6(e).

In addition to various grammatical changes, we amend the Comments to rules 4-1.1, 4-1.6, 4-5.1, and 4-5.3, adding a warning about the necessity to take care in using generative artificial intelligence.  We also amend rules 4-7.13 and 4-7.15 to allow for testimonials of a celebrity who is a current or former client, so long as the testimonial otherwise complies with the rules.

Accordingly, we amend the Rules Regulating The Florida Bar as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments shall become effective October 28, 2024.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

Roland Sanchez-Medina, Jr., President, Rosalyn Sia Baker-Barnes, President-elect, Joshua E. Doyle, Executive Director, and Elizabeth

Clark Tarbert, Division Director, Lawyer Regulation, The Florida Bar, Tallahassee, Florida,

for Petitioner

## RULE 4-1.1.    COMPETENCE

[No Change]

### Comment

**Legal knowledge and skill**

[No Change]

**Thoroughness and preparation**

[No Change]

**Maintaining competence**

To maintain the requisite knowledge and skill, a lawyer should keep abreast of changes in the law and its practice, engage in continuing study and education, including an understanding of the benefits and risks associated with the use of technology, <u>including generative artificial intelligence,</u> and comply with all continuing legal education requirements to which the lawyer is subject.

## RULE 4-1.6.    CONFIDENTIALITY OF INFORMATION

**(a) – (f)**  [No Change]

### Comment

The lawyer is part of a judicial system charged with upholding the law. One of the lawyer's functions is to advise clients so that they avoid any violation of the law in the proper exercise of their rights.

This rule governs the disclosure by a lawyer of information relating to the representation of a client during the lawyer's representation of the client. See rule 4-1.18 for the lawyer's duties

with respect to information provided to the lawyer by a prospective client, rule 4-1.9(c) for the lawyer's duty not to reveal information relating to the lawyer's prior representation of a former client, and rules 4-1.8(b) and 4-1.9(b) for the lawyer's duties with respect to the use of confidential information to the disadvantage of clients and former clients.

A fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation. See terminology for the definition of informed consent. This contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Almost without exception, clients come to lawyers in order to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based on experience, lawyers know that almost all clients follow the advice given, and the law is upheld.

The principle of confidentiality is given effect in 2 related bodies of law, the attorney-client privilege (which includes the work product doctrine) in the law of evidence and the rule of confidentiality established in professional ethics. The attorney-client privilege applies in judicial and other proceedings in which a lawyer may be called as a witness or otherwise required to produce evidence concerning a client. The rule of client-lawyer confidentiality applies in situations other than those where evidence is sought from the lawyer through compulsion of law. The confidentiality rule applies not merely to matters communicated in confidence by the client but also to all information relating to the representation, whatever its source. A lawyer may not disclose confidential information except as authorized or required by the Rules Regulating The Florida Bar or by law. However, none of the foregoing limits the requirement of disclosure in subdivision (b). This disclosure is required to prevent a lawyer from becoming an

unwitting accomplice in the fraudulent acts of a client. See also Scope.

The requirement of maintaining confidentiality of information relating to representation applies to government lawyers who may disagree with the policy goals that their representation is designed to advance.

**Authorized disclosure**

[No Change]

**Disclosure adverse to client**

[No Change]

**Withdrawal**

[No Change]

**Dispute concerning lawyer's conduct**

[No Change]

**Disclosures otherwise required or authorized**

[No Change]

**Detection of Conflicts of Interest**

[No Change]

**Acting Competently to Preserve Confidentiality**

Paragraph (e) requires a lawyer to act competently to safeguard information relating to the representation of a client against unauthorized access by third parties and against inadvertent or unauthorized disclosure by the lawyer or other persons who are participating in the representation of the client or who are subject to the lawyer's supervision. See rules 4-1.1, 4-5.1 and 4-5.3. For example, a lawyer should be aware that generative artificial intelligence may create risks to the lawyer's duty of confidentiality. The unauthorized access to, or the inadvertent or unauthorized disclosure of, information relating to the

representation of a client does not constitute a violation of paragraph (e) if the lawyer has made reasonable efforts to prevent the access or disclosure. Factors to be considered in determining the reasonableness of the lawyer's efforts include, but are not limited to, the sensitivity of the information, the likelihood of disclosure if additional safeguards are not employed, the cost of employing additional safeguards, the difficulty of implementing the safeguards, and the extent to which the safeguards adversely affect the lawyer's ability to represent clients (e.g., by making a device or important piece of software excessively difficult to use). A client may require the lawyer to implement special security measures not required by this rule or may give informed consent to forgo security measures that would otherwise be required by this rule. Whether a lawyer may be required to take additional steps to safeguard a client's information in order to comply with other law, for example state and federal laws that govern data privacy or that impose notification requirements on the loss of, or unauthorized access to, electronic information, is beyond the scope of these rules. For a lawyer's duties when sharing information with nonlawyers outside the lawyer's own firm, see the comment to rule 4-5.3.

When transmitting a communication that includes information relating to the representation of a client, the lawyer must take reasonable precautions to prevent the information from coming into the hands of unintended recipients. This duty, however, does not require that the lawyer use special security measures if the method of communication affords a reasonable expectation of privacy. Special circumstances, however, may warrant special precautions. Factors to be considered in determining the reasonableness of the lawyer's expectation of confidentiality include the sensitivity of the information and the extent to which the privacy of the communication is protected by law or by a confidentiality agreement. A client may require the lawyer to implement special security measures not required by this rule or may give informed consent to the use of a means of communication that would otherwise be prohibited by this rule. Whether a lawyer may be required to take additional steps in order to comply with other law, for example state and federal laws that govern data privacy, is beyond the scope of these rules.

**Former client**

[No Change]


## RULE 4-5.1.  RESPONSIBILITIES OF PARTNERS, MANAGERS, AND SUPERVISORY LAWYERS

**(a) Duties Concerning Adherence to Rules of Professional Conduct.**  A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, ~~shall~~must make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.

**(b) Supervisory Lawyer's Duties.**  Any lawyer having direct supervisory authority over another lawyer ~~shall~~must make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.

**(c) Responsibility for Rules Violations.**  A lawyer ~~shall be~~is responsible for another lawyer's violation of the Rules of Professional Conduct if:

(1) – (2) [No Change]

### Comment

Subdivision (a) applies to lawyers who have managerial authority over the professional work of a firm. See terminology. This includes members of a partnership, the shareholders in a law firm organized as a professional corporation, and members of other associations authorized to practice law; lawyers having comparable managerial authority in a legal services organization or a law department of an enterprise or government agency, and lawyers who have intermediate managerial responsibilities in a firm. Subdivision (b) applies to lawyers who have supervisory authority over the work of other lawyers in a firm.

Subdivision (a) requires lawyers with managerial authority within a firm to make reasonable efforts to establish internal policies and procedures designed to provide reasonable assurance that all lawyers in the firm will conform to the Rules of Professional Conduct. Such policies and procedures include those designed to detect and resolve conflicts of interest, identify dates by which actions must be taken in pending matters, account for client funds and property, consider safeguards for the firm's use of technologies such as generative artificial intelligence, and ensure that inexperienced lawyers are properly supervised.

Other measures that may be required to fulfill the responsibility prescribed in subdivision (a) can depend on the firm's structure and the nature of its practice. In a small firm of experienced lawyers, informal supervision and periodic review of compliance with the required systems ordinarily will suffice. In a large firm, or in practice situations in which difficult ethical problems frequently arise, more elaborate measures may be necessary. Some firms, for example, have a procedure whereby junior lawyers can make confidential referral of ethical problems directly to a designated supervising lawyer or special committee. See rule 4-5.2. Firms, whether large or small, may also rely on continuing legal education in professional ethics. In any event the ethical atmosphere of a firm can influence the conduct of all its members and the partners may not assume that all lawyers associated with the firm will inevitably conform to the rules.

Subdivision (c) expresses a general principle of personal responsibility for acts of another. See also rule 4-8.4(a).

Subdivision (c)(2) defines the duty of a partner or other lawyer having comparable managerial authority in a law firm, as well as a lawyer having supervisory authority over performance of specific legal work by another lawyer. Whether a lawyer has such supervisory authority in particular circumstances is a question of fact. Partners and lawyers with comparable authority have at least indirect responsibility for all work being done by the firm, while a partner or manager in charge of a particular matter ordinarily also has supervisory responsibility for the work of other firm lawyers engaged in the matter. Appropriate remedial action by a partner or

managing lawyer would depend on the immediacy of that lawyer's involvement and the seriousness of the misconduct. A supervisor is required to intervene to prevent avoidable consequences of misconduct if the supervisor knows that the misconduct occurred. Thus, if a supervising lawyer knows that a subordinate misrepresented a matter to an opposing party in negotiation, the supervisor as well as the subordinate has a duty to correct the resulting misapprehension.

Professional misconduct by a lawyer under supervision could reveal a violation of subdivision (b) on the part of the supervisory lawyer even though it does not entail a violation of subdivision (c) because there was no direction, ratification, or knowledge of the violation.

Apart from this rule and rule 4-8.4(a), a lawyer does not have disciplinary liability for the conduct of a partner, shareholder, member of a limited liability company, officer, director, manager, associate, or subordinate.  Whether a lawyer may be liable civilly or criminally for another lawyer's conduct is a question of law beyond the scope of these rules.

The duties imposed by this rule on managing and supervising lawyers do not alter the personal duty of each lawyer in a firm to abide by the Rules of Professional Conduct. See rule 4-5.2(a).


**RULE 4-5.3.   RESPONSIBILITIES REGARDING NONLAWYER ASSISTANTS**

**(a) – (c)**  [No Change]

## Comment

Lawyers generally employ assistants in their practice, including secretaries, investigators, law student interns, and paraprofessionals such as paralegals and legal assistants. Such assistants, whether employees or independent contractors, act for the lawyer in rendition of the lawyer's professional services. A lawyer must give such assistants appropriate instruction and

supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client. <u>A lawyer should also consider safeguards when assistants use technologies such as generative artificial intelligence.</u> The measures employed in supervising nonlawyers should take account of the level of their legal training and the fact that they are not subject to professional discipline. If an activity requires the independent judgment and participation of the lawyer, it cannot be properly delegated to a nonlawyer employee.

Subdivision (b)(1) requires lawyers with managerial authority within a law firm to make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that nonlawyers in the firm and nonlawyers outside the firm who work on firm matters act in a way compatible with the professional obligations of the lawyer. See comment to rule 4-1.1 (retaining lawyers outside the firm) and comment to rule 4-5.1(responsibilities with respect to lawyers within a firm). Subdivision (b)(2) applies to lawyers who have supervisory authority over nonlawyers within or outside the firm. Subdivision (b)(3) specifies the circumstances in which a lawyer is responsible for conduct of nonlawyers within or outside the firm that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer.

Nothing provided in this rule should be interpreted to mean that a nonlawyer may have any ownership or partnership interest in a law firm, which is prohibited by rule 4-5.4. Additionally, this rule does not permit a lawyer to accept employment by a nonlawyer or group of nonlawyers, the purpose of which is to provide the supervision required under this rule. This conduct is prohibited by rules 4-5.4 and 4-5.5.

**Nonlawyers Outside the Firm**

A lawyer may use nonlawyers outside the firm to assist the lawyer in rendering legal services to the client. Examples include the retention of an investigative or paraprofessional service, hiring a document management company to create and maintain a database for complex litigation, sending client documents to a third party for

printing or scanning, <u>using generative artificial intelligence,</u> and using an Internet-based service to store client information. When using these services outside the firm, a lawyer must make reasonable efforts to ensure that the services are provided in a manner that is compatible with the lawyer's professional obligations. The extent of this obligation will depend on the circumstances, including the education, experience and reputation of the nonlawyer; the nature of the services involved; the terms of any arrangements concerning the protection of client information; and the legal and ethical environments of the jurisdictions in which the services will be performed, particularly with regard to confidentiality. See also rules 4-1.1 (competence), 4-1.2 (allocation of authority), 4-1.4 (communication with client), 4-1.6 (confidentiality), 4-5.4 (professional independence of the lawyer), and 4-5.5 (unauthorized practice of law). When retaining or directing a nonlawyer outside the firm, a lawyer should communicate directions appropriate under the circumstances to give reasonable assurance that the nonlawyer's conduct is compatible with the professional obligations of the lawyer.

Where the client directs the selection of a particular nonlawyer service provider outside the firm, the lawyer ordinarily should agree with the client concerning the allocation of responsibility for monitoring as between the client and the lawyer. See Rule 1.2. When making this allocation in a matter pending before a tribunal, lawyers and parties may have additional obligations that are a matter of law beyond the scope of these rules.

## RULE 4-7.13.   DECEPTIVE AND INHERENTLY MISLEADING ADVERTISEMENTS

A lawyer may not engage in deceptive or inherently misleading advertising.

**(a) – (b)** [No Change]

### Comment

**Material omissions**

[No Change]

**Implied existence of nonexistent fact**

[No Change]

**Predictions of success**

[No Change]

**Past results**

[No Change]

**Comparisons**

[No Change]

**Characterization of skills, experience, reputation, or record**

[No Change]

**Areas of practice**

[No Change]

**Dramatizations**

[No Change]

**Implying lawyer will violate rules of conduct or law**

[No Change]

**Testimonials**

A testimonial is a personal statement, affirmation, or endorsement by any person other than the advertising lawyer or a member of the advertising lawyer's firm regarding the quality of the lawyer's services or the results obtained through the representation. Clients as consumers are well-qualified to opine on matters such as courtesy, promptness, efficiency, and professional demeanor.

Testimonials by clients on these matters, as long as they are truthful and are based on the actual experience of the person giving the testimonial, are beneficial to prospective clients and are permissible. A current or former client who is a celebrity may offer a truthful testimonial if the testimonial complies with the requirements of this rule.

**Florida bar approval of ad or lawyer**

[No Change]

**Judicial, executive, and legislative titles**

[No Change]

**Implication of association or affiliation with another lawyer or law firm**

[No Change]

**RULE 4-7.15.   UNDULY MANIPULATIVE OR INTRUSIVE ADVERTISEMENTS**

A lawyer may not engage in unduly manipulative or intrusive advertisements. An advertisement is unduly manipulative if it:

**(a) –(b)** [No Change]

**(c)** contains the voice or image of a celebrity, except that a lawyer may use the:

(1)  voice or image of a local announcer, disc jockey or radio personality who regularly records advertisements so long as the person recording the announcement does not endorse or offer a testimonial on behalf of the advertising lawyer or law firm, or

(2)  testimonial of a celebrity who is a current or former client if the testimonial complies with the requirements of this subchapter; or

- 16 -

**(d)** [No change]

## Comment

### Unduly ~~M~~manipulative ~~S~~sounds and ~~I~~images

[No Change]

### Use of ~~C~~celebrities

A lawyer or law firm advertisement may not contain the voice or image of a celebrity with limited exceptions. A celebrity is an individual who is known to the target audience and whose voice or image is recognizable to the intended audience. A person can be a celebrity on a regional or local level, not just a national level. Local announcers or disc jockeys and radio personalities are regularly used to record advertisements. Use of a local announcer or disc jockey or a radio personality to record an advertisement is permissible under this rule as long as the person recording the announcement does not endorse or offer a testimonial on behalf of the advertising lawyer or law firm. Additionally, an advertisement may include the testimonial of a celebrity who is a current or former client of the advertising lawyer or law firm if the testimonial complies with all other applicable requirements of this subchapter.